1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**R. DUANE FRIZELL, ESQ.**
Nevada Bar No. 9807
**CALLISTER & FRIZELL**
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Office (702) 657-6000
Fax (702) 657-0065
dfrizell@callisterfrizell.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CHIU HSIANG TSENG, an Individual; | § § § | |
| Plaintiff, | § § | CASE NO:   _____ |
| vs. | § § | |
| CHEN MING FOOD INCORPORATED d/b/a PEARL WOK TO GO CHINESE RESTAURANT, a Nevada Corporation; XIAO MING CHEN, an Individual; YING HE, and Individual; DOE DEFENDANTS 1 through 10; and ROE ENTITIES 1 through 10, | § § § § § § § § § § § | **JURY DEMANDED** |
| Defendants. | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Chiu-Hsiang Tseng ("Plaintiff" or "Tseng") now files this Original Complaint, complaining of Defendants Chen Ming Food Incorporated d/b/a Pearl Wok To Go Chinese Restaurant ("Pearl Wok"), Xiao Ming Chen ("Chen"), Ying He ("He"), Doe Defendants 1-10, and Roe Entities 1-10.  For causes of action, Plaintiff would respectfully show the Court as follows:

**I.   JURISDICTION AND VENUE**

**1.**    As this case is being brought under the federal Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*., this Court has subject matter jurisdiction over this action. *See* 28 U.S.C. § 1331 (federal jurisdiction over claims involving federal questions).

**2.**    The Court also has subject matter jurisdiction over Plaintiff's state-law claims.  *See* 28 U.S.C. § 1367 (supplemental jurisdiction).

**3.**    This Court has personal jurisdiction over the Defendants for the following reasons:

1

1

2

3

4

5

      (a)     Upon information and belief, Defendants engaged in tortious behavior in Nevada; Defendants were to perform the contracts at issue in Nevada; Defendants conduct business in this state; and/or the acts complained of occurred in Nevada.   In addition, the claims stated in this Complaint arise under Defendants' contacts with this state.

6

7

8

9

      (b)     Defendants have had such minimum contacts with the State of Nevada that this court's exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice, and the claims stated in this Complaint arise under those minimum contacts.

10

11

4.     Pursuant to 28 U.S.C. § 1391(a), venue is proper in the United States District Court for the District of Nevada for the following reasons:

12

13

      (a)     This judicial district is where all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred.

14

15

16

      (b)     Upon information and belief, Defendants engaged in tortious behavior in Nevada; Defendants were to perform the contracts at issue in Nevada; Defendants conduct business in this state; and/or the acts complained of occurred in Nevada.

17

      **II.**     **PARTIES**

18

19

**5.**     Plaintiff *Chiu Hsiang Tseng ("Plaintiff" or "Tseng")* is an individual who resides in and is a citizen of the State of Nevada.

20

21

22

**6.**     Defendant *Chen Ming Food Incorporated d/b/a Pearl Wok To Go Chinese Restaurant ("Pearl Wok")* is a Nevada corporation with its principal place of business located in the State of Nevada.

23

24

**7.**     Defendant *Xiao Ming Chen ("Chen")* is an individual who resides in and is a citizen of the State of Nevada.

25

26

**8.**     Defendant *Ying He ("He")* is an individual who resides in and is a citizen of the State of Nevada.

27

28

**9.**     *Doe Defendants 1 through 10* are fictitious names of individuals that are in some manner directly or indirectly liable to Plaintiff in this matter for claims and causes of action stated

herein.  Plaintiff is ignorant of the true names of the individuals so designated by said fictitious names, and when the true names are discovered, Plaintiff will ask leave to amend the Complaint and proceed herein to substitute the true names of said Defendants.  Plaintiff believes and alleges that the Defendants designated as Doe Defendants herein are directly or indirectly responsible and liable to the Plaintiff for their actions, and that they have caused Plaintiff to suffer the damages described herein.

**10.**     Defendants ***Roe Entities 1 through 10*** are fictitious names of companies and/or other businesses or entities that are in some manner directly or indirectly liable to Plaintiff in this matter for the claims and causes of action stated herein.  Plaintiff is ignorant of the true names of the companies and/or other businesses or entities so designated by said fictitious names, and when the true names are discovered, Plaintiff will ask leave to amend this Complaint and proceed herein to substitute the true names of said Defendants.  Plaintiff believes and alleges that the Defendants designated as Roe Entities herein are directly or indirectly responsible and liable to the Plaintiff for their actions, and that they have caused Plaintiff to suffer the damages described herein.

**11.**     Herein, unless otherwise indicated, the term "***Plaintiff***" refers to Tseng, and the term "***Defendants***" refers collectively to Pearl Wok, Chen, He, Doe Defendants 1-10, and Roe Entities 1-10.

### III.     NATURE OF THE CASE

**12.**     This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.* for, among other things, Defendants' refusal and failure to pay Plaintiff the applicable minimum wage and overtime.  The case also involves additional money that Defendants owe to Plaintiff because of a loan she made to them, while she was in their employ.

### IV.     INFORMATION ALLEGATIONS

**13.**     Allegations made in this Complaint have been based on information and belief, except those allegations that pertain directly to Plaintiff, which are based on her personal knowledge. The information and belief of Plaintiff is based upon, among other things, the investigation conducted by Plaintiff and her attorneys after being retained.  Each and every allegation and

1   factual contention contained in this Complaint has evidentiary support or, alternatively, is likely

2   to have evidentiary support after reasonable opportunity for further investigation or discovery

3   by Plaintiff or her counsel.

4          **V.**     **RESPONDEAT SUPERIOR ALLEGATIONS**

5   **14.**    At all material times, Chen and He were acting on their own behalves and on the behalf

6   of Pearl Wok.  Their actions on the behalf of Pearl Wok were done in the course and scope of

7   their employment, agency, or other representative relationship with that entity.  Accordingly,

8   Pearl Wok is vicariously liable and responsible for all of Chen's and He's actions, omissions,

9   and conduct.

10  **15.**    Pearl Wok is also liable for the acts and omissions of any and all persons who acted in the

11  course and scope of their employment, agency, or other representative relationship with that

12  entity.

13         **VI.**     **GENERAL FACTUAL BACKGROUND**

14  **16.**    Pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*,

15  Plaintiff brings this action for unpaid minimum, regular, and overtime wages, liquidated

16  damages, attorney fees, court costs, and other relief.

17  **17.**    The Pearl Wok is a Chinese Restaurant located in Las Vegas, Nevada.

18  **18.**    The Pearl Wok employs numerous workers in Las Vegas.

19  **19.**    At all material times relevant to this action, the Pearl Wok was an enterprise covered by

20  the FLSA, and as defined by 29 U.S.C. §§ 203(r)-(s).

21  **20.**    Upon information and belief, the Pearl Wok is owned by Chen and He.

22  **21.**    Upon information and belief, Chen and He are husband and wife.

23  **22.**    On or about November 4, 2012, Tseng began to work at the Pearl Wok.

24  **23.**    Tseng was employed as an hourly employee.

25  **24.**    Prior to beginning work at the Pearl Wok, Tseng reached an agreement with the Pearl

26  Wok, Chen, and He that she would be paid the minimum wage and overtime as required by law.

27

28

**25.**     At the time, Chen and He represented to Tseng that she would be paid $9.00 per hour and that if she worked 48 hours per week at that rate, the minimum wages and overtime would already be included in her compensation.

**26.**     Neither Chen, He, nor anyone else at Pearl Work explained to Tseng that, by law, she was entitled to time and half (or $13.50 per hour in her case) for overtime.

**27.**     No one explained to Tseng that, in Nevada, she was entitled to overtime pay for any work over 8 hours per day and/or 40 hours per week.

**28.**     In good faith, Tseng believed that by working 48 hours per week at $9.00 per hour, she was getting the minimum wage and all the overtime pay to which she was entitled.

**29.**     At the Pearl Wok, Tseng worked for about 48 hours each week starting on or about November 4, 2012 and ending on or about January 5, 2015.

**30.**     In a typical calendar week, Tseng's 48 hours of work were scheduled and performed as follows:  8 hours on Sunday and 10 hours each day on Monday, Wednesday, Friday, and Saturday.

**31.**     Tseng was not paid any additional sums for working more than 48 hours per week.

**32.**     Tseng was not paid any additional sums for working on holidays.

**33.**     At all times relevant to this action, the Pearl Wok failed to comply with 29 U.S.C. §§ 201-209 and NRS Chapter 608 with respect to hourly and overtime pay.

**34.**     Contrary to the FLSA and NRS Chapter 608, during her employment with the Pearl Wok, Plaintiff was, among other things, not paid properly, was not paid timely, sometimes was not paid at all, was often not paid the minimum wage, and was not paid time and a half of her regular rate of pay for all overtime hours worked; therefore, Plaintiff has not been paid her complete wages.

**35.**     Also contrary to the FLSA and NRS Chapter 608, during her employment with the Pearl Wok, Plaintiff was not given any breaks or time off for meals (paid or unpaid).

**36.**     At all relevant times, Chen and He were responsible parties under the FLSA.

**37.**     In about 2013, while Tseng was employed at the Pearl Wok, He approached her for a loan; specifically, He said she needed $6,000 but could pay Tseng back right away.

**38.** Begrudgingly, but fearful that she might lose her job, Tseng loaned He the $6,000, and He did pay her back.

**39.** Later, in about 2014, Chen and He approached Tseng for another loan; they said they needed money to redeem valuable and sentimental items that they had pawned.

**40.** Once again, begrudgingly, but fearful that she might lose her job, Tseng loaned Chen and He about a total of $20,000 to redeem their pawned goods.

**41.** Because He had paid Tseng back for the previous $6,000 loan; Tseng thought everything would be repaid this time around too.

**42.** Ultimately, Chen and He refused to repay Tseng the loan of about $20,000.

**43.** To add insult to injury, the Pearl Wok, Chen, and He then fired Tseng.

**44.** This suit now follows.

## VII.   CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### Violations of Fair Labor Standards Act

*(Against all Defendants)*

**45.** Pursuant to 29 U.S.C. § 201 *et seq.*, and incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against all Defendants for violations of the Fair Labor Standards Act ("FLSA"), as follows:

**46.** Defendant Pearl Wok is, and at all times hereinafter mentioned was, engaged in related activities performed through unified operation or common control for a common business purpose, and is, and at all times hereinafter mentioned was, an enterprise within the meaning of 29 U.S.C. § 203(r)-(s).

**47.** At all times hereinafter mentioned, Defendant Pearl Wok employed employees in the activities of said enterprise engaged in commerce or in the production of goods and services for commerce, including employees handling, selling, or otherwise working on goods, services, or materials that have been moved in or produced for commerce.

**48.** Upon information and belief, at all material times, Defendant Pearl Wok had an annual gross volume of sales made or business done in an amount not less than $500,000.

**49.**    Accordingly, Defendant Pearl Wok was an enterprise engaged in commerce or in the production of goads for commerce within the meaning of 29 U.S.C. § 203(s)-(r).

**50.**    At all material times, Defendant Pearl Wok was Tseng's employer for the purposes of the FLSA and is thus a responsible party that may be held liable under 29 U.S.A. § 203(d).

**51.**    At all material times, Defendants Chen and He maintained operational control of significant aspects of the Pearl Wok's day-to-day functions, such as determining employee compensation and benefits; therefore, Chen and He are "employers" for the purposes of the FLSA and are also responsible parties that may be held liable under 29 U.S.A. § 203(d).

**52.**    Defendants repeatedly violated the minimum wage, overtime, and other provisions of 29 U.S.C. §§ 206-207 by, among other things, failing to compensate Tseng at rates as required by those sections.

**53.**    At all times, Defendants acted in bad faith.

**54.**    Defendants' violations of the FLSA have been willful.

**55.**    As an actual and proximate cause of Defendants' conduct, Plaintiff has suffered monetary damages in excess of $10,000.

**56.**    Pursuant to 29 U.S.C. § 216 and all applicable authority, Plaintiff is entitled to recover liquidated damages.

**57.**    Pursuant to 29 U.S.C. § 217 and all applicable authority, Plaintiff is entitled to injunctive relief.

**58.**    Defendants' actions were done to defraud Plaintiff; they were done with malice (having an intent to injure Plaintiff); and/or they were done with conscious or reckless disregard for the rights and well-being of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages.

**59.**    Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

///

///

///

///

7

## SECOND CLAIM FOR RELIEF

### Violations of NRS Chapter 608

*(Against all Defendants)*

**60.**     Incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against all Defendants for violations of NRS Chapter 608, as follows:

**61.**     As an employer or a controlling party, each Defendant is responsible and may be held liable under the terms of NRS Chapter 608.

**62.**     Defendants have violated NRS 608.250 by, among other things, failing and refusing to pay Plaintiff the required minimum wages.

**63.**     Defendants have violated NRS 608.018 by, among other things, failing and refusing to pay Plaintiff overtime.

**64.**     At all times, Defendants acted in bad faith.

**65.**     Defendants' violations of NRS Chapter 608 have been willful.

**66.**     As an actual and proximate cause of Defendants' conduct, Plaintiff has suffered monetary damages in excess of $10,000.

**67.**     Defendants' actions were done to defraud Plaintiff; they were done with malice (having an intent to injure Plaintiff); and/or they were done with conscious or reckless disregard for the rights and well-being of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages.

**68.**     Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

## THIRD CLAIM FOR RELIEF

### Breach of Contract

*(Against all Defendants)*

**69.**     Incorporating all of the foregoing and ensuing paragraphs as if fully set forth herein, Plaintiff states a claim against all Defendants for breach of contract, as follows:

**70.**     Tseng reached an agreement with the Pearl Wok, Chen, and He, under which she would work for them, and they would pay her the minimum wage and overtime as required by law.

1   **71.**   Defendants breached the contract by, among other things, failing and refusing to pay

2   Tseng such minimum wage and overtime.

3   **72.**   As an actual and proximate cause of Defendants' conduct, Plaintiff has suffered monetary

4   damages in excess of $10,000.

5   **73.**   Plaintiff has found it necessary to secure the services of an attorney in order to prosecute

6   this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

7                                   **FOURTH CLAIM FOR RELIEF**

8                   **Breach of the Implied Covenant of Good Faith and Fair Dealing**

9                                      *(Against all Defendants)*

10  **74.**   Incorporating all of the preceding and ensuing paragraphs as if fully set forth herein,

11  Plaintiff states a claim against all Defendants for breach of the implied covenant of good faith

12  and fair dealing, as follows:

13  **75.**   In Nevada, the law implies in all contracts the covenant of good faith and fair dealing.

14  **76.**   Tseng reached an agreement with the Pearl Wok, Chen, and He, under which she would

15  work for them, and they would pay her the minimum wage and overtime as required by law.

16  **77.**   Such agreement included the implied covenant.

17  **78.**   Defendants breached the implied covenant by, among other things, failing and refusing to

18  pay Tseng such minimum wage and overtime.

19  **79.**   As an actual and proximate cause of Defendants' conduct, Plaintiff has suffered monetary

20  damages in excess of $10,000.

21  **80.**   Plaintiff has found it necessary to secure the services of an attorney in order to prosecute

22  this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

23                                   **FIFTH CLAIM FOR RELIEF**

24                                       **Unjust Enrichment**

25                                      *(Against all Defendants)*

26  **81.**   Incorporating all of the preceding and ensuing paragraphs as if fully set forth herein,

27  Plaintiff states a claim against all Defendants for unjust enrichment, as follows:

28

9

**82.** Begrudgingly, but fearful that she might lose her job, Tseng loaned Chen and He about a total of $20,000 to redeem goods that they had pawned.

**83.** Because He had paid Tseng back for a previous loan of $6,000, Tseng thought the additional $20,000 or so would be repaid too.

**84.** Ultimately, Chen and He refused to repay Tseng the loan of about $20,000.

**85.** To add insult to injury, Chen and He then fired Tseng.

**86.** In this manner, Defendants took advantage of Plaintiff and unjustly enriched themselves to Plaintiff's detriment.

**87.** As a proximate result of Defendants' conduct described above, Plaintiff has suffered damages.

**88.** Principles of equity and fairness dictate that Defendants repay to Plaintiff the full amount of their unjust enrichment.

**89.** As an actual and proximate cause of Defendants' conduct, Plaintiff has suffered monetary damages in excess of $10,000.

**90.** Defendants' actions were done to defraud Plaintiff; they were done with malice (having an intent to injure Plaintiff); and/or they were done with conscious or reckless disregard for the rights and well-being of Plaintiff.  Accordingly, Plaintiff is entitled to punitive damages.

**91.** Plaintiff has found it necessary to secure the services of an attorney in order to prosecute this action, and Plaintiff is entitled to recover her reasonable attorney fees and court costs.

### VIII.   DAMAGES

**92.** Because of Defendants' separate acts described above, Plaintiff has suffered damages and is entitled to a recovery as follows:

#### Actual, Consequential, Incidental, General, and Special Damages

**93.** Plaintiff is entitled to a recovery of her actual damages.

**94.** Plaintiff is also entitled to a recovery of her consequential, incidental, general, and special damages, including without limitation pecuniary losses, out-of-pocket expenses, economic losses, and other damages, lost income, lost earnings, lost revenue, lost benefits, damages

1 incurred to prevent additional losses, expenses for measures reasonably necessary to counteract

2 harmful conduct, physical inconvenience, and mental pain and suffering.

3 <center>**Non-Monetary Damages/Equitable Relief**</center>

4 **95.**     Plaintiff is entitled to non-monetary and equitable relief, such as injunctive relief

5 pursuant to 29 U.S.C. § 217.

6 <center>**Liquidated Damages**</center>

7 **96.**     Pursuant to 29 U.S.C. § 216 and all applicable authority, Plaintiff is entitled to liquidated

8 damages.

9 <center>**Presumed, Multiple, and Other Statutory Damages**</center>

10 **97.**     Plaintiff is entitled to presumed, multiple, and other statutory damages.

11 <center>**Punitive and Exemplary Damages**</center>

12 **98.**     Plaintiff is entitled to a recovery for punitive and exemplary damages.  In this connection,

13 Plaintiff would show the Court as follows:  With respect to Defendants' conduct outlined in all

14 of the preceding paragraphs, Defendants acted to defraud Plaintiff; they acted with malice,

15 having a specific intent to cause substantial injury or harm to Plaintiff; and/or they acted with

16 gross negligence and/or reckless disregard for the rights of Plaintiff.  For all of these reasons,

17 Plaintiff is entitled to exemplary damages against Defendants.

18 <center>**Attorney Fees and Court Costs**</center>

19 **99.**     Plaintiff has found it necessary to secure the services of an attorney in order to prosecute

20 this action.   Therefore, Plaintiff is entitled to an award for reasonable attorney fees and court

21 costs.

22 <center>**Pre-Judgment and Post-Judgment Interest**</center>

23 **100.**   Plaintiff is entitled to pre-judgment and post-judgment interest.

24     **IX.     JURY DEMAND**

25 **101.**   Plaintiff demands trial by jury.

26 ///

27 ///

28 ///

<center>11</center>

**X.      REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Chiu-Hsiang Tseng ("Plaintiff" or "Tseng") requests the Court as follows:

A.      to render judgment in her favor and against Defendants;

B.      to award her actual, consequential, incidental, general, and special damages in an amount allowed by law and justified by the circumstances of this case;

C.      to render non-monetary and equitable relief in favor of Plaintiffs, including without limitation injunctive relief pursuant to 29 U.S.C. § 217;

D.      to award Plaintiff liquidated damages;

E.      to award Plaintiff presumed, multiple, and other statutory damages;

F.      to award Plaintiff punitive and exemplary damages;

G.      to award Plaintiff attorney fees and court costs;

H.      to award Plaintiff pre-judgment and post-judgment interest; and

I.      to award Plaintiff all such other and further relief to which she may be entitled at law or in equity.


DATED:   *October 28, 2016*.

Respectfully submitted,

**CALLISTER & FRIZELL**
8275 S. Eastern Ave., Suite 200
Las Vegas, Nevada 89123
Office (702) 657-6000
Fax (702) 657-0065
dfrizell@callisterfrizell.com


**By:**    __/s/ R. Duane Frizell_____
**R. DUANE FRIZELL, ESQ.**
Nevada Bar No. 009807
*Attorneys for Plaintiff*

12